IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DLJ MORTGAGE CAPITAL, INC.**,

   Plaintiff,

   v.

**SANTIAGO NEVÁREZ-HERNÁNDEZ**, *et al.*,

   Defendants.

Civil No. 15-2889 (BJM)

**OPINION AND ORDER**

DLJ Mortgage Inc. ("DLJ") brought this action against Santiago Nevárez-Hernández, Alice Ortega Vega, and their conjugal partnership (collectively, "defendants") to collect on a mortgage note and foreclose on the mortgaged property. Docket No. 1 ("Compl."). The parties consented to proceed before a magistrate judge. Docket No. 11. Before the court is DLJ's motion for summary judgment. Docket No. 16 ("Mot."). Defendants opposed the motion, Docket No.18, and DLJ replied. Docket No. 20. For the reasons set out below, DLJ's motion for summary judgment is **granted**.

**BACKGROUND**

This summary of the facts is guided by DLJ's Local Rule 56[1] statement of uncontested facts. *See* Docket No. 19-1 ("SUF"). While I note that DLJ's statement of facts was not filed concurrently with the motion for summary judgement, the facts material to the outcome are not contested.

---

[1] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

DLJ is a corporation organized and existing under the laws of the Cayman Islands with its principal place of business in New York; defendants are residents of Puerto Rico. Compl. ¶¶ 3–4. On November 13, 2007, defendants signed a mortgage note payable to FirstBank Puerto Rico for $359,150.00, with interest at 7.5 percent per annum, due on December 1, 2047. SUF ¶ 1. On June 17, 2010, the note and mortgage were modified for the principal amount of $391,825.37. *Id*. On April 21, 2014, defendants entered into a Home Affordable Modification Agreement ("HAMA") and increased the principal amount owed to $489,032.48. *Id*. The note was secured by a property located at 53 C Tintillo Gardens, Guaynabo, Puerto Rico. Docket No. 16–1 at 1.

Defendants own this property in fee simple. SUF ¶ 6. Defendants have defaulted on their obligations under the note since July 1, 2014. As of that date, defendants owed $317,133.30 in principal, plus interest of 2.00 percent beginning June 1, 2014; at a rate of 3.00 percent for the next 12 months after May 1, 2019; at a rate of 4.00 percent for the next 12 months after May 1, 2020; and starting on May 1, 2021 at a rate of 4.375 percent for the next 396 months or until full payment. Aditionally, defendants also owe a deferred balance of $171,032.48, plus $35,915.00 in attorney's fees and costs. SUF ¶ 9; Docket Nos. 16–8, 19-1. DLJ is the current holder and owner of the note. SUF ¶ 7. This action was filed against defendants in November 2015.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

The movant must first "inform [ ] the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); R. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

## DISCUSSION

DLJ argues that it is entitled to summary judgment against defendants for the forced sale of the mortgaged property. Docket No. 1, 16. Defendants opposed this motion on procedural grounds, arguing (1) that the motion was untimely filed, (2) that the statement of uncontested facts was not filed cucurrently with the motion, and (3) that Puerto Rico law requires the parties to attend mediation. I have excused the untimely filing of the motion, as well as the failure to initially file the statement of uncontested facts. *See Mariani-Colon*, 511 F.3d at 219 ("A district court may forgive a party's violation of a local rule"). As for the mediation required by Article 3 of Law 184 of 2012, P.R. Laws Ann. tit. 32, § 2882, the parties attended a mediation and so that issue is moot. Docket No. 32. In light of the foregoing, I find that DLJ's motion for summary judgement is unopposed on the merits. "But even an unopposed motion for summary judgment should not be granted

DLJ Mortgage Capital, Inc. v. Nevárez-Hernádez, Civil No. 15-2889 (BJM)     4

unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *CitiMortgage, Inc. v. River-Anabitate*, 39 F. Supp. 3d 152, 154 (D.P.R. 2014) (citing *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 13 (1st Cir. 2007)).

Puerto Rico law governs this diversity action. Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994. A mortgage is defined as an "obligation secured by real property that is duly recorded in the Property Registry." P.R. Laws Ann. tit. 13, § 30294. As Judge Pieras explained:

> [I]t is important to distinguish between the actual debt and the mortgage.
>
> Any given debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money. The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.

*Chicago Title Ins. Co. v. Sotomayor*, 394 F. Supp. 2d 452, 460 (D.P.R.2005). "A secured creditor may take legal action to collect on a debt and enforce the plege if not timely satisfied." *DLJ Mortg. Capital, Inc. v. Jesus-Santa*, No. 15-1596 (BJM), 2016 WL 3365396, at *2 (D.P.R. June 16, 2016).

In this case, it is undisputed that defendants have failed to satisfy the terms and conditions of the mortgage note. *See* Docket Nos. 16-1, 16-5. The note also states that if defendants enter default, DLJ may require the immediate payment of the principal that has not been paid and all of the accrued interest on that amount. *See* Docket No. 16-1. The defendants also agreed to waive their right to presentment and notice of dishonor. *Id.* at ¶ 9. Therefore, there is no genuine issue of material fact as to defendants' liability or as to

DLJ Mortgage Capital, Inc. v. Nevárez-Hernádez, Civil No. 15-2889 (BJM)                                                5

plaintiff's right to foreclose on the property and use its the proceeds from the sale to satisfy defendants' outstanding debt. Thus, DLJ is entitled to summary judgement.

## CONCLUSION

For the foregoing reasons, DLJ's motion for summary judgment is **GRANTED**, and judgment shall be entered in the amount of $317,133.30 in principal, plus interest of 2.00 percent beginning June 1, 2014; at a rate of 3.00 percent for the next 12 months after May 1, 2019; at a rate of 4.00 percent for the next 12 months starting May 1, 2020; and, starting on May 1, 2021, at a rate of 4.375 percent for the next 396 months or until full payment. Aditionally, defendants owe a deferred balance of $171,032.48, $35,915.00 in attorney's fees, and all expenses and advances made by DLJ.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 17th day of February, 2017.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge